# EXHIBIT B

Case 8:23-cv-00378-FWS-KES Document 1-2 Filed 03/03/23 Page 2 of 9 Page ID #:15
30-2023-01302828-CU-MT-CXC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By G. Ramirez, Deputy Clerk.
Electronically Filed by Superior Court of California, County of Orange, 01/20/2023 08:56:39 AM.

PACIFIC TRIAL ATTORNEYS
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
Victoria C. Knowles, Bar No. 277231
vknowles@pacifictrialattorneys.com
4100 Newport Place Drive, Ste. 800
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff

Assigned for All Purposes
Judge Randall J. Sherman
cx-105

# SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF ORANGE

| | |
|---|---|
| RUTH MARTIN, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>DOCTOR'S BEST INC., a Delaware corporation, and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No. 30-2023-01302828-CU-MT-CXC<br><br>**CLASS ACTION COMPLAINT** |

CLASS ACTION COMPLAINT

## I.   INTRODUCTION

Defendant sells a line of products called "Natural Brain Enhancers" ("the Product") by falsely claiming that it will cause meaningful and sustainable memory support. Defendant's claim is false: in fact, recent clinical research confirms that the Product has no meaningful impact on long term memory or cognition.

As set forth below, Defendant has violated numerous California laws and should be required to stop falsely advertising the product, provide refunds to all consumers, and take other appropriate corrective and remedial actions.

## II.   JURISDICTION AND VENUE

1. This Court has jurisdiction over all causes of action asserted herein.

2. Venue is proper in this Court because Defendant knowingly engages in activities directed at consumers in this County and engaged in the wrongful conduct alleged herein against residents of this County.

3. Any out-of-state participants can be brought before this Court pursuant to California's "long-arm" jurisdictional statute.

## III.   PARTIES

4. Plaintiff is a resident of California.

5. Defendant is a Delaware corporation that develops, manufactures, promotes, markets, distributes, and/or sells the Product to consumers in California.

6. The above-named Defendant, along with its affiliates and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

7. Plaintiff is informed and believes that at all relevant times, every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and

scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants.

8. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

### IV.   FACTS

9. On June 17, 2014, the United States Senate Subcommittee on Consumer Protection, Product Safety, and Insurance held a hearing regarding false advertising of over-the-counter supplements. In her opening statement, committee Chair Senator Claire McCaskill stated that "scam artists and fraudsters" are abusing the over-the-counter supplement market to "make a quick buck."

10. False advertising of over-the-counter supplements is truly an epidemic. Indeed, Senator McCaskill stated that "the problem is much larger than any enforcement agency could possibly tackle on its own. . . Consumer watchdogs must all do their part to help address this problem."

11. Plaintiff is a consumer advocate with dual motivations for purchasing the Product. First, Plaintiff is a senior citizen and was genuinely interested in using the product as intended. Second, Plaintiff is a "tester" who works to ensure that companies abide by the obligations imposed by California law. As someone who advances important public interests at the risk of vile personal attacks, Plaintiff should be "praised rather than vilified." *See Murray v. GMAC Mortgage Corp.*, 434 F.3d 948, 954 (7th Cir. 2006).

12. In enacting the consumer protection statutes at issue, the California legislature chose to extend protections to all persons and consumers. Indeed, these statutes are largely enforced by civic-minded "testers" such as Plaintiff. *See Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109 (9th Cir. 2014) (explaining why testers have Article III standing and generally discussing value and importance of testers in enforcement of consumer protection and civil rights statutes).[1]

13. The label and accompanying promotional and marketing materials claim that the

---

[1] Civil rights icon Rosa Parks was acting as a "tester" when she initiated the Montgomery Bus Boycott in 1955, as she voluntarily subjected herself to an illegal practice to obtain standing to challenge the practice in Court. *See* https://www.naacpldf.org/press-release/ldf-pays-tribute-to-rosa- parks-on-the-sixtieth-anniversary-of-her-courageous-stand-against-segregation/ *"(Contrary to popular myth, Rosa Parks was not just a tired seamstress who merely wanted to sit down on a bus seat that afternoon. She refused to give up her seat on principle. Parks had long served as the secretary of the Montgomery branch of the NAACP [and] challenging segregation in Montgomery's transportation system was on the local civil rights agenda for some time.")* (last downloaded November 2022).

Product:

**Helps support attention, learning, memory, and other cognitive functions**

**Helps assist the brain and body in coping with occasional stress**

**Helps support the maintenance of cellular function and brain circuit renewal**

15. The above-quoted statements are false, misleading, deceptive, and unlawful.

16. After completing an exhaustive meta-study, an analysis published by the United States National Institute for Health concluded that **"Evidence is insufficient to recommend any OTC supplement for cognitive protection in adults with normal cognition."** *See* https://pubmed.ncbi.nlm.nih.gov/29255909/. This is because most clinical trials purporting to demonstrate the efficacy of over-the-counter supplements have flawed methodology that renders them useless in determining the real value of the studied ingredients, leading to conclusions that lack scientific meaning, are inaccurate, and defy overwhelming contrary evidence. *See* https://www.biospace.com/article/most-vitamin-studies-flawed-oregon-state-university-researcher-reveals-.

17. Defendant's efficacy claims clearly lack substantiation, but that is not all: they are actively false and affirmatively disproven by the overwhelming weight of scientific evidence.

18. Within the class period, Plaintiff purchased the Product in California based partly upon the above-referenced efficacy claims. Plaintiff used the Product as directed but did not experience any of the benefits promised by the Product.

## V. CLASS ALLEGATIONS

19. Plaintiff brings this action individually and on behalf of all others similarly situated (the "Class") defined as follows:

> **All persons within the United States who purchased the Product for personal use during the Class Period.**

A. <u>NUMEROSITY</u>: Plaintiff does not know the number of Class Members but believes the number to be in the thousands, if not more. The exact identities of Class Members may be ascertained by the records maintained by Defendant and its authorized retailers.

B. <u>COMMONALITY</u>: Common questions of fact and law exist as to all class members, and predominate over any questions affecting only individual members of the Class. Such common

legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class Member, include but are not limited to the following:

      i.      Whether Defendant violated the statutes at issue;

      ii.      The proper amount of statutory damages, actual damages, and punitive damages; and

      iii.      The proper injunctive relief, including a corrective advertising campaign.

C.      TYPICALITY: As a person who purchased the product for personal use and used it as directed, Plaintiff is asserting claims that are typical of the Class.

D.      ADEQUACY: Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the class action litigation. All individuals with interests that are actually or potentially adverse to or in conflict with the class or whose inclusion would otherwise be improper are excluded.

E.      SUPERIORITY: A class action is superior to other available methods of adjudication because individual litigation of the claims of all Class Members is impracticable and inefficient. Even if every Class Member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed.

## VI.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### Violations of the Unfair Competition Law,

### Cal. Bus. & Prof. Code §§ 17200 et seq.

21.      California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, et seq., proscribes acts of unfair competition, including "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising.

22.      The acts alleged herein are ''unlawful" under the UCL in that they violate at least the following laws:

  i. By knowingly and intentionally concealing from Plaintiff and the other Class members that the Product cannot provide the advertised benefits while obtaining money from Plaintiff and the Classes;

  ii. By misrepresenting the nature of the Product and the Product's benefits;

  iii. By engaging in the conduct giving rise to the claims asserted in this complaint;

  iv. By violating California Civil Code §§ 1709-1711 by making affirmative misrepresentations about the Product;

  v. By violating California Civil Code §§ 1709-1711 by suppressing material information about the Product;

  vi. By violating the False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 et seq.;

  vii. By violating the Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 et seq.;

  viii. By violating the California Sherman Food, Drug, and Cosmetic Law, Cal. Health & Safety Code §§ 110100 et seq.

23. Such conduct is ongoing and continues to this date.

## SECOND CAUSE OF ACTION

## Violations of the False Advertising Law,

## Cal. Bus. & Prof. Code §§ 17500 et seq.

24. Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

25. The FAL provides that "[i]t is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services" to disseminate any statement ''which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500.

26. As alleged herein, the advertisements, labeling, policies, acts, and practices of Defendant relating to the advertising of the Product are untrue and misleading.

27. Plaintiff has standing to pursue this claim as Plaintiff suffered injury in fact as a result of Defendant's actions as set forth herein. Specifically, prior to the filing of this action, Plaintiff

purchased the Product in reliance on Defendant's false and misleading labeling claims that the Product.

28. Defendant profited from its sale of the falsely and deceptively advertised Product to unwary consumers.

29. As a result, Plaintiff, the Class, and the general public are entitled to public injunctive and equitable relief, restitution, and an order for the disgorgement of the funds by which Defendant was unjustly enriched.

30. Pursuant to Cal. Bus. & Prof. Code § 17535, Plaintiff, on behalf of themselves and the Class, seek an order enjoining Defendant from continuing to engage in deceptive business practices, false advertising, and any other act prohibited by law, including those set forth in this Complaint.

## THIRD CAUSE OF ACTION

## Violations of the Consumer Legal Remedies Act,

## Cal. Civ. Code §§ 1750 et seq.

31. Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

32. The CLRA prohibits deceptive practices in connection with the conduct of a business that provides goods, property, or services primarily for personal, family, or household purposes.

33. Defendant's false and misleading labeling and other policies, acts, and practices were designed to, and did, induce the purchase and use of the Product for personal, family, or household purposes by Plaintiff and Class Members, and violated and continue to violate the following sections of the CLRA:

    i. § 1770(a)(5): representing that goods have characteristics, uses, or benefits which they do not have; and

    ii. § 1770(a)(7): representing that goods are of a particular standard, quality, or grade if they are of another;

34. Defendant profited from the sale of the falsely, deceptively, and unlawfully advertised Product to unwary consumers. Defendant's wrongful business practices constituted, and constitute, a continuing course of conduct in violation of the CLRA.

35. Pursuant to §1782 of the CLRA, Plaintiff has notified Defendant in writing of the particular violations of §1770 of the CLRA and demanded that Defendant rectify the actions described above by providing monetary relief, agreeing to be bound by its legal obligations, and giving notice to all affected customers of its intent to do so. Defendant refused.

## VII. PRAYER FOR RELIEF

Wherefore, Plaintiff prays as follows:

i. An order certifying this action as a class action and requiring Defendant to bear the costs of class notice;

ii. An order appointing Plaintiff as class representatives and plaintiff's counsel as Class Counsel;

iii. An order compelling Defendant to conduct a corrective advertising campaign;

iv. An order compelling Defendant to destroy all misleading and deceptive advertising materials and product labels, and to recall all offending Products;

v. Actual, statutory, and punitive damages;

vi. An award of attorneys' fees and costs; and

vii. All other relief, at law or in equity, as may be just.

Dated: January 20, 2023                     PACIFIC TRIAL ATTORNEYS, APC

By: _____
Scott. J. Ferrell
Attorneys for Plaintiff